UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-95-DLB

COREY WHITE                                                 PETITIONER

VS.                  **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, Warden                            RESPONDENT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Petitioner Corey White has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct an initial screening of White's petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because White's claim cannot be asserted in a petition under 28 U.S.C. § 2241, the Court will deny the petition.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In June 2005, a federal grand jury returned an indictment charging White with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In February 2007, White pled guilty without a written agreement. Because White had previously been convicted of three or more violent felonies or serious drug offenses—including burglary, possession with intent to deliver marijuana, attempted capital murder, battery, and murder—he faced a statutory mandatory minimum sentence of 180 months imprisonment pursuant to the Armed Career Criminal Act ("ACCA") enhancement, 18 U.S.C. § 924(e)(2)(B). White acknowledged this fact during his plea hearing.

1

In November 2007, White was sentenced to a term of imprisonment of 180 months, to run consecutively to an undischarged term of imprisonment in the Arkansas Department of Correction. During the sentencing hearing, the trial court explained that, although the guideline range for White's total offense level of 30 and criminal history category of VI would be 168 to 210 months, given the statutory minimum sentence of 180 months under Section 924(e), the guideline range was instead 180 to 210 months. Thus, the sentence imposed was at the bottom of this range. White did not appeal.

In 2008, White filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 alleging that he had been misled by his counsel regarding his potential sentence. This motion was denied. In 2014, White filed a motion for a "nunc pro tunc amendment order" seeking an order directing that his federal sentence run concurrently to his state sentence. This motion was also denied and the judgment of the trial court was affirmed by the United States Court of Appeals for the Eighth Circuit. *United States v. White*, No. 4:05-cr-166-JM-1 (E.D. Ark. 2005) (Docs. # 83, 93, 94, and 95 therein).

In 2016, White filed a second or successive § 2255 motion in the Eastern District of Arkansas, in which he argued that, pursuant to the United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior offenses no longer qualify as predicate offenses for purposes of the ACCA's sentencing enhancement. *Id*. (Docs. # 98 and 99). The district court denied White's motion, both because White had failed to obtain certification from the Eight Circuit prior to filing his successive § 2255 petition[1] and also because the ruling in *Johnson* did not apply to White's case. Specifically, the court explained:

---

[1] Apparently, White had actually filed a petition with the Eighth Circuit seeking permission to file a successive habeas petition in light of *Johnson* within a few days of filing his successive § 2255 motion in

> Under the Armed Career Criminal Act ("ACCA") a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ." "Violent felony" was defined, in part, as a felony that:
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .
>
> The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process. However, the Court noted that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." In other words, the subsection defining physical force and the "enumerated offenses" of burglary, arson, extortion, and use of explosives are not affected by the ruling.
>
> Defendant has previous convictions for burglary, possession with intent to deliver marijuana, attempted capital murder, battery, and murder. These convictions do not fall under the "residual clause" found unconstitutional in *Johnson*. Accordingly, Defendant's sentence is unaffected by the ruling in *United States v. Johnson.*

*United States v. White*, No. 4:05-cr-166-JM-1 (E.D. Ark. 2005) (Doc. # 100 at 1-2 therein).

In September 2016, White again filed a petition seeking permission from the Eighth Circuit to file a second or successive § 2255 petition, this time arguing that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior burglary conviction no longer qualifies as a predicate offense for purposes of the ACCA enhancement of § 924(e)(1). This petition was also denied. *White v. United States*, No. 16-3557 (8th Cir. 2016).

White has now filed the instant petition pursuant to 28 U.S.C. § 2241, again arguing that, in light of *Mathis*, his prior burglary conviction no longer qualifies as a valid predicate

---

the district court. The Eighth Circuit denied White's petition. *White v. United States*, No. 16-1862 (8th Cir. 2016).

offense for purposes of the ACCA enhancement.[2]  White invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition.  Because White may not bring his *Mathis* claim in a § 2241 petition, his petition will be **denied**.

II.  ANALYSIS

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255.  *White v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  A motion under § 2255 is not "inadequate or ineffective" simply because

---

[2] As a matter of clarification, in his § 2241 petition, White raises only the question of whether his prior burglary conviction is a valid predicate offense.  He does not address the validity of his other prior convictions, including possession with intent to deliver marijuana, attempted capital murder, battery, and murder.  In his brief, White repeatedly suggests that his other prior convictions that also served as predicate offenses for his ACCA enhancement were voided under *Johnson*. (Doc. #1-1 at 2 n.1, 8 n.4).  However, there is nothing in the record in White's underlying criminal case that supports this claim.  Moreover, this statement is contrary to the trial court's finding that White was not entitled to relief under *Johnson*, as well as the Eighth Circuit's denial of his second or successive § 2255 petitions.

the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *White*, 16 F. App'x at 360.

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

White's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. White challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a

very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that, as a matter of statutory interpretation, a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

White's claim fails to satisfy these requirements. White was sentenced in November 2007, well after *Booker* was decided in 2005, thus he fails to meet *Hill*'s first requirement. White also fails to meet the third requirement because his reliance upon *Mathis* is misplaced. In *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified-categorical approach to determine whether a prior offense may be used to enhance a sentence under the career-offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52. But for a claim based upon a recently issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 307-08. In *Mathis*, the Supreme Court explained that its holding was required by decades-old precedent and hence, did not announce any new rule. *Mathis*, 136 S. Ct. at 2257. The Sixth Circuit has held so explicitly. *In re: Conzelmann*, 872 F.3d 375, 376-77

(6th Cir. 2017) (finding that *Mathis* did not announce a new rule, nor has *Mathis* been declared retroactive by the Supreme Court). Therefore, because *Mathis* did not announce a new rule, nor has it been held to be retroactive by the Supreme Court, White may not rely upon it to satisfy the third requirement of *Hill*.

Because White fails to satisfy the threshold requirements of *Hill*, his claim falls outside the decidedly narrow exception set forth in *Hill*. Therefore, his sentencing claim does not fall within the narrow scope of § 2255(e)'s savings clause, and his § 2241 petition must be denied. *Peterman*, 249 F.3d at 462.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Corey White's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3) A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 6th day of December, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\White 17-95-DLB Memorandum (2241) WHM.docx

7